IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TODD GAMMONS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 15-cv-02310 |
| ) | |
| CROWN CASTLE USA, INC., a ) | Judge Andrea R. Wood |
| Pennsylvania corporation, and ) | |
| VERIZON SOURCING, LLC, a ) | |
| Delaware limited liability company, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Todd Gammons suffered injuries as a result of falling from a cellular tower allegedly owned or controlled by Defendants Crown Castle USA, Inc. ("Crown Castle") and Verizon Sourcing, LLC ("Verizon"). In this lawsuit, Gammons advances various theories of negligence—construction negligence, premises liability, and ordinary negligence—against Crown Castle and Verizon. Before the Court are both Defendants' motions to dismiss Gammons's five-count complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (Dkt. Nos. 15, 21.) For the reasons stated below, both motions are granted. Gammons's complaint is dismissed without prejudice.

### BACKGROUND

The following facts are taken from Gammons's complaint.[1] On February 13, 2014, Gammons, an employee of P & D Antenna Service ("P & D"), climbed a cellular tower located at 929 North Christiana Avenue in Chicago, Illinois to perform "services and/or maintenance."

---

[1] For purposes of the present motions, the Court accepts as true all well-pleaded factual allegations set forth in the complaint and views them in the light most favorable to Gammons. *See Lavalais v. Vill. of Melrose Park*, 734 F.3d 629, 632 (7th Cir. 2013) (citing *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1027 (7th Cir. 2013)).

(Compl. ¶¶ 1, 4 of Count I, ¶ 2 of Count III, Dkt. No. 1-1.) Gammons claims that as a result of "one or more . . . careless and negligent acts and/or omissions" by Crown Castle and Verizon, the alleged owners or operators of the cell tower, he fell from the tower and sustained severe and permanent injuries. (*Id.* ¶¶ 1, 5-7 of Count I, ¶¶ 1, 4-6 of Count II, ¶¶ 1, 5, 8 of Count III, ¶¶ 1, 5-7 of Count IV, ¶¶ 1, 4-6 of Count V.) The alleged negligent acts and omissions include, but are not limited to, the following: improper operation, management, and control of the premises; failure to provide safety cables, safety connections, and/or climbing pegs; failure to inspect the premises; failure to warn Gammons of the allegedly dangerous condition of the premises; and failure to supervise and control the safety of the work being done on the cell tower. (*Id.* ¶ 5 of Count I, ¶ 4 of Count II, ¶ 5 of Count III, ¶ 5 of Count IV, ¶ 4 of Count V.)

Gammons originally filed this lawsuit against Crown Castle and Verizon in the Circuit Court of Cook County, Illinois on February 9, 2015. The case was then removed to this Court pursuant to 28 U.S.C. § 1441(a) on the basis of diversity jurisdiction.[2] (*See* Defs. Not. of Removal, Dkt. No. 1.) Counts I and II of Gammons's complaint allege premises liability and ordinary negligence, respectively, against Crown Castle; and Counts III, IV, and V allege construction negligence, premises liability, and ordinary negligence, respectively, against Verizon. On April 16, 2015, Verizon filed a Rule 12(b)(6) motion to dismiss Counts III through V of the complaint. Crown Castle followed with its own motion to dismiss Counts I and II on April 27, 2015. (Dkt. Nos. 15, 21.)[3] The Defendants' primary argument in seeking to dismiss the

---

[2] 28 U.S.C. § 1441(a) provides that, "[e]xcept as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

[3] Crown Castle's memorandum in support of its motion to dismiss adopts and incorporates Verizon's arguments, with the exception of Verizon's argument concerning the open and obvious nature of the alleged danger, which the Court need not address for purposes of the instant motions. (*See* Def. Crown

complaint is that Gammons fails to allege the facts necessary to support his claims. The Court agrees.

## DISCUSSION

In its exercise of diversity jurisdiction, the Court applies the substantive law of Illinois to determine the elements that Gammons must plead to establish his claims. *See Sabratek Liquidating LLC v. KPMG LLP*, No. 01 C 9582, 2002 WL 774185, at *2 (N.D. Ill. Apr. 26, 2002) (citing *Charter Oak Fire Ins. Co. v. Hedeen*, 280 F.3d 730, 735 (7th Cir. 2002)). To determine the sufficiency of Gammons's complaint, however, the Court looks to federal pleading standards. *See id.* (additional internal citation omitted).

Federal Rule of Civil Procedure 8(a) requires a complaint to contain a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). To survive a Rule 12(b)(6) motion to dismiss, the short and plain statement must meet two threshold requirements. First, the complaint's factual allegations must be sufficient to give the defendant fair notice of the claim and the grounds upon which it rests. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Second, the complaint "must contain sufficient factual allegations, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Adams v. City of Indianapolis*, 742 F.3d 720, 728 (7th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

---

Castle Memo in Support of Mot. to Dismiss at 5 & n.1, Dkt. No. 22.) Notably, however, "the open-and-obvious doctrine, along with its exceptions, is simply a means to assist in analyzing the foreseeability and the likelihood of injury [factors of premises liability]," which are discussed below. *Wilfong v. L.J. Dodd Const.*, 930 N.E.2d 511, 523 (Ill. App. Ct. 2010).

This pleading standard does not necessarily require a complaint to contain detailed factual allegations, but "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Moreover, the Court is not bound to accept as true legal conclusions couched as factual allegations. *See id.* (citing *Twombly*, 550 U.S. at 555).

## I. Gammons's Claims against Crown Castle

Gammons asserts claims of premises liability and ordinary negligence against Crown Castle based on nearly identical sets of mostly legal conclusions couched as factual allegations. Specifically, Counts I and II of the complaint include the following assertions:

> Crown Castle owned, possessed, operated, managed, maintained, designed, inspected, planned, and controlled or had a duty to possess, operate, manage, maintain, design, inspect, plan, and control the cell tower located at 929 North Christiana Avenue. (Compl. ¶ 1 of Count I, ¶ 1 of Count II, Dkt. No. 1-1.)
>
> Crown Castle had a duty to use ordinary care for the safety of Gammons and others working on the premises. (*Id.* ¶ 2 of Count I, ¶ 2 of Count II.)
>
> Crown Castle carelessly and negligently caused and permitted the premises to become and remain in a dangerous condition and knew, or in the exercise of ordinary and reasonable care should have known, of such condition. (*Id.* ¶ 3 of Count I.)
>
> At the time Gammons was climbing the cell tower, Crown Castle breached its duty of ordinary care and was guilty of one or more of a list of eight (and, in Count II, ten) "careless and negligent acts and/or omissions" (a number of which are referenced above). (*Id.* ¶ 5 of Count I, ¶ 4 of Count II.) [4]

---

[4] Gammons fails to make clear which of the alleged acts and omissions listed in the complaint form the basis of his claims. As both Defendants point out, the only well-pleaded factual assertion supporting their alleged negligence is the purported failure to provide safety cables, safety connections, or climbing pegs on the cell tower. (*See* Def. Crown Castle Memo in Support of Mot. to Dismiss at 2, Dkt. No. 22; Def. Verizon Memo in Support of Mot. to Dismiss at 1, Dkt. No. 16.) The Court therefore assumes, for purposes of Defendants' motions to dismiss, that Gammons's claims rest on that assertion.

As a direct and proximate result of the purported negligent acts and/or omissions, Gammons fell from the cell tower and sustained severe and permanent injuries. (*Id.* ¶¶ 6-7 of Count I, ¶¶ 5-6 of Count II.)

Under Illinois law, a possessor of land is subject to liability for physical harm caused to his invitees by a condition on the land if he: (a) knows or by the exercise of reasonable care would discover the condition and should realize that it involves an unreasonable risk of harm; (b) should expect that invitees will not discover or realize the danger, or will fail to protect themselves against it; and (c) fails to exercise reasonable care to protect them against the danger. *Genaust v. Ill. Power Co.*, 343 N.E.2d 465, 472 (Ill. 1976) (citing Restatement (Second) of Torts § 343 (1965)). It is a prerequisite to such premises liability that the defendant be a possessor of the land at issue—a person who is in occupation of the land with intent to control it. *Madden v. Paschen*, 916 N.E.2d 1203, 1214 (Ill. App. Ct. 2009) (citing Restatement (Second) of Torts §§ 343, 328E (1965)) (internal quotations and other citations omitted). Aside from the naked assertion that Crown Castle "owned, possessed, operated, [*et cetera*]" the cell tower, Gammons pleads no facts to show that Crown Castle meets this definition of "possessor." Crown Castle's alleged interest in or control of the tower and surrounding premises is not made clear in the complaint. Nor does Gammons plead any facts to support the assertion that Crown Castle knew or should have known of the allegedly dangerous condition of the premises.

It is primarily the second element, however, that prevents Gammons's premises liability claim from meeting the facial plausibility standard. Gammons does not plead any facts, as opposed to legal conclusions, to show that Crown Castle should have (1) realized that the condition of the cell tower posed an unreasonable risk of harm and (2) expected that invitees such as Gammons would not realize the danger or would fail to protect themselves against it. There are no facts to indicate whether Gammons realized the danger prior to climbing the cell tower and, if

not, why Crown Castle should have foreseen that he would not. If Gammons did in fact realize the danger, he does not allege any facts from which one can infer that Crown Castle should have foreseen that he would fail to take steps to protect himself against it. *See, e.g.*, *Mason v. Ashland Exploration, Inc.*, 965 F.2d 1421, 1426-27 (7th Cir. 1992) (under Illinois law, owner of oil pump could not reasonably anticipate that an experienced painter who had painted oil pumps in the past would fail to take measures to protect himself and fall into the pump). There are no factual allegations in the complaint that plausibly suggest Crown Castle should have foreseen that Gammons, in performing maintenance on the cell tower in the scope of his employment, would not realize the danger of climbing the tower without climbing pegs or safety equipment or that, realizing the danger, he would proceed to climb the tower without taking steps to effectively protect himself.

Moving on to Count II, under Illinois law, a plaintiff bringing a claim for ordinary negligence must establish that the defendant owed him a duty of care, that the defendant breached that duty, and that the plaintiff was injured as a proximate result of the breach. *Winters v. Fru-Con Inc.*, 498 F.3d 734, 746 (7th Cir. 2007) (internal quotations and citation omitted). Gammons's negligence claim simply tracks the applicable legal standards without alleging any facts particular to this case; rather, the language in the complaint could apply to almost any negligence action. Gammons does not plead any facts from which the Court can reasonably infer that Crown Castle owed him a duty of ordinary care, that Crown Castle's alleged failure to provide safety equipment constitutes a breach of that duty, or that such failure was a direct and proximate cause of his fall. For instance, Gammons does not allege why it was Crown Castle's duty to install or provide climbing pegs, safety cables, or safety connections—say, as opposed to the duty of his employer, P & D. Nor does he shed any light on the circumstances of his fall; the Court is left to speculate as

to how the lack of climbing pegs or safety equipment caused him to fall or, alternatively, if there was some other cause of his fall, how the lack of equipment caused his injuries.

Even assuming that Crown Castle failed to install climbing pegs or to provide safety equipment and that such failure caused Gammons's injuries, the complaint is still inadequate with respect to the duty element of a general negligence claim. Unless a duty is owed, there is no negligence. *LaFever v. Kemlite Co., a Div. of Dyrotech Indus., Inc.*, 706 N.E.2d 441, 446 (Ill. 1998) (internal quotations and citations omitted). Under Illinois law, an individual owes a duty of ordinary care to protect others when that individual's course of action creates a foreseeable risk of injury. *See Neumann v. Borg-Warner Morse Tec LLC*, No. 15 C 10507, 2016 WL 930662, at *3 (N.D. Ill. Mar. 10, 2016) (quoting *Simpkins v. CSX Transp., Inc.*, 965 N.E.2d 1092, 1097 (Ill. 2012)). In assessing whether a duty exists, courts generally consider the following factors: reasonable foreseeability and likelihood of the injury, the magnitude of the burden on the defendant in guarding against the injury, and the consequences of placing that burden on the defendant. *See id.* (internal quotations and citations omitted). *See also LaFever*, 706 N.E.2d at 446 (citing *Ward v. K Mart Corp.*, 554 N.E.2d 223, 226-27 (Ill. 1990)). While not required to plead each of these factors, a plaintiff must provide some reasonable basis for inferring that the defendant owed him a duty of care—in other words, enough facts so that the right to relief is more than speculative. *See Neumann*, 2016 WL 930662 at *4 (citing *Twombly*, 550 U.S. at 555). Unlike the plaintiff in *Neumann*, cited above, Gammons does not allege any facts to establish that his injury was reasonably foreseeable to Crown Castle. *See id.* (assessing whether plaintiff's allegations were sufficient to establish that her contraction of mesothelioma was reasonably foreseeable to manufacturers/distributors of asbestos-laden products). He therefore fails to make a plausible claim that Crown Castle is liable for the misconduct alleged.

In *Neumann*, the court pointed to the following facts in determining that the plaintiff's allegations were sufficient to establish reasonable foreseeability: the plaintiff alleged that defendants made or distributed asbestos-containing products or equipment and identified the products that allegedly caused her injury; the plaintiff further alleged that the defendants knew or should have known of the dangerous nature of their products; the plaintiff claimed that the defendants therefore should have foreseen her injury and yet failed to take steps—for example, warnings, instructions on handling, or recommendations for protective gear—to prevent harm to the end users of their products and to those in proximity to such users.[5]

Here, Gammons simply states that Crown Castle knew or should have known of the dangerous condition of the cell tower and that some type of action by Crown Castle was necessary to prevent his injuries. He fails to allege any facts to support that Crown Castle was responsible for the dangerous condition of the tower (whereas the defendants in *Neumann* were responsible for the manufacture and distribution of the dangerous products); nor has he identified any steps Crown Castle should have taken to prevent harm to individuals performing services or maintenance on the tower.

Aside from the allegation that Crown Castle failed to provide the necessary safety equipment, Gammons has not alleged facts to make it plausible that Crown Castle owed him the duty to provide that equipment or to otherwise prevent his injuries. Perhaps the Court would have

---

[5] While the plaintiff in *Neumann* adequately alleged reasonable foreseeability, the court concluded that no duty was owed as a matter of law in light of the magnitude of the burden of guarding against the injury and the consequences of placing that burden on the defendant. *Neumann*, 2016 WL 930662, at *5-7. *Cf. Chiriboga v. Nat'l R.R. Passenger Corp.*, 687 F. Supp. 764, 770-71 (N.D. Ill. 2009) ("With regard to [train dispatcher], [plaintiff] asserts that it owed a duty to notify Metra of occasions when Amtrak trains were approaching [the train] station and would be passing through at high speeds at the same time Metra trains were scheduled to stop…With regard to foreseeability, we have no information about what [the train dispatcher] knew or should have known about the configuration of the [] station and its crosswalk. It is certainly foreseeable that pedestrians would be at the station around the time that a Metra train was scheduled to stop there, but that does not necessarily translate into a foreseeable, let alone a likely, risk of injury.")

reached a different conclusion if Gammons had alleged that in his line of work, it is customary for the owner or controller of the cell tower to install climbing pegs or to provide safety equipment to individuals performing services or maintenance, or even that, as the owner of the premises, Crown Castle was required to provide safety equipment to individuals servicing the tower. Because no such allegations are included in the complaint, Gammons has failed to adequately plead that Crown Castle owed him a duty of care. Count II thus fails along with Count I.[6]

## II. Gammons's Claims against Verizon

Gammons's claims of premises liability and ordinary negligence against Verizon—Counts IV and V, respectively—mirror those against Crown Castle and are therefore deficient for the reasons discussed above. In addition, Verizon argues that, because it merely rents antenna space at the top of the cell tower and does not own or control the tower itself or the land on which it is located, Gammons has no claim against it under any theory. (*See* Def. Verizon Mot. to Dismiss at 2, Dkt. No. 15; Def. Verizon Memo in Support of Mot. to Dismiss at 6, Dkt. No 16.) Gammons and Verizon are at odds over whether the lease supplement attached as an exhibit to Verizon's memorandum of law may properly be considered by the Court for present purposes. But because Gammons does not adequately allege Verizon's interest in or control of the property, the Court need not decide that issue and does not take the lease into account here. As with Crown Castle, Gammons pleads no facts to show that Verizon is, or at the relevant time was, a possessor of the land at issue—a prerequisite to premises liability. It is unclear whether Gammons is alleging that Verizon owned the cell tower, operated the cell tower, owned the surrounding premises, controlled the surrounding premises, or in some other way meets the definition of "possessor." As for ordinary negligence, Verizon's liability does not necessarily depend on its ownership or

---

[6] Having dismissed Counts I and II for the reasons discussed above, the Court need not address Crown Castle's argument that Count I should be stricken as duplicative of Count II.

control of the cell tower or surrounding land. To state a claim for general negligence, Gammons need only allege facts to plausibly suggest that Verizon owed him a duty of care, which, as discussed above, he fails to do in his complaint.

Count III contains the same type of boilerplate allegations as the other counts, modified to fit the elements of a construction negligence claim. Gammons alleges that Verizon "was in charge of the maintenance, service, erection, construction, repairs, alteration, removal and/or painting of the cell tower" and was present or had a duty to be present during the course of such maintenance, service, *et cetera*. (Compl. ¶¶ 1, 3 of Count III, Dkt. No. 1-1.) The complaint also alleges that Verizon participated in coordinating the work being done and had the authority to stop or order changes in the work in the event the work was being performed in a dangerous manner. (*Id.* ¶ 3 of Count III.) Finally, Gammons claims that Verizon breached its duty to exercise reasonable care in the control of the site and the work being performed, again, through a number of "careless and negligent acts and/or omissions," as listed in the complaint. (*Id.* ¶¶ 4-5 of Count III.) In addition to the acts and omissions mentioned above, the list in Count III includes the following: failure to schedule and/or coordinate the work to allow the work to be completed in a safe manner; failure to stop Gammons's work or otherwise prevent him from working on the tower without safety cables, connections, and/or pegs; and direction to Gammons to work on the hazardous condition present on the tower. (*Id.* ¶ 5 of Count III.)

Under Illinois law, "[o]ne who entrusts work to an independent contractor, but who retains the control of any part of the work, is subject to liability for physical harm to others for whose safety the employer owes a duty to exercise reasonable care, which is caused by his failure to exercise his control with reasonable care." *Miller v. Ill. Cent. R.R. Co.*, 474 F.3d 951, 956 (7th Cir. 2007) (citing Restatement (Second) of Torts § 414 (1965)). Verizon contends that it did not

control Gammons's work on the tower, referring to and including as an exhibit a copy of its contract with P & D, and therefore cannot be held liable for construction negligence. Again the parties disagree as to whether the contract can be considered for purposes of Verizon's motion to dismiss, and, again, because Gammons's allegations are insufficient, the Court need not decide.[7] Regardless of the contract's terms, the conclusory statements in Count III, without any facts alleged in support, cannot survive a Rule 12(b)(6) motion to dismiss. Allegations that merely track the applicable legal standards, without any supporting facts, do not suffice. Moreover, it is unclear whether Gammons's legal conclusions even satisfy the elements of his claim because, as Verizon notes, it is not enough that a defendant has merely a general right to order the work stopped or resumed, to inspect its progress or receive reports, to make suggestions or recommendations, or to prescribe alterations and deviations. *See Bokodi v. Foster Wheeler Robbins, Inc.*, 728 N.E.2d 726, 732 (Ill. App. Ct. 2000) (citing Restatement (Second) of Torts § 414 cmt. c (1965)). Rather, the defendant must retain a right of supervision such that the contractor is not entirely free to do the work in his own way. *Id.*

Gammons's response brief attempts to remedy some of the deficiencies discussed above, providing certain factual allegations that are absent from the complaint, such as: Crown Castle is the owner of the cell tower and contracted with P & D for general construction; Verizon, which rents a location on the tower, contracted with P & D for cell site construction; and Verizon coordinated the work being done on the tower while Crown Castle provided materials to the workers. (Pl. Resp. to Defs. Mots. to Dismiss at 2, Dkt. No. 27.) But those facts are not alleged in

---

[7] With respect to both the lease supplement and its contract with P & D, Verizon overstates the Seventh Circuit's "broader view of documents that may be considered on a motion to dismiss." (Def. Verizon Memo in Support of Mot. to Dismiss at 4, Dkt. No 16 (quoting *Williamson v. Curran*, 714 F.3d 432, 436 (7th Cir. 2013))). Nor does the Court agree that those exhibits incontrovertibly support Verizon's position. But both points are immaterial for present purposes.

the complaint, and it is unclear whether they are even consistent with the complaint's allegations. *See Bissessur v. Ind. Univ. Bd. of Trs.*, 581 F.3d 599, 603 (7th Cir. 2009) (rejecting plaintiff's effort to supplement his complaint by stating facts in his brief opposing dismissal that did not appear in his complaint); *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1103 (7th Cir. 1984) (holding that a complaint may not be amended by briefs in opposition to a motion to dismiss). Moreover, these allegations do not elucidate the basis for the duty allegedly owed to Gammons by Crown Castle and Verizon, why it was their responsibility to install climbing pegs or provide him with safety equipment, the facts from which the Court may reasonably infer that they should have foreseen his injury, or how the lack of proper equipment caused his fall.[8] While Gammons's complaint gives Crown Castle and Verizon notice of his claims, it does not give them—or the Court—notice of the grounds upon which his claims rest. Nor does the complaint contain sufficient factual allegations to state claims that are plausible on their face. "While legal conclusions can provide the complaint's framework, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 664.

---

[8] In addition, as stated in Verizon's reply brief, Gammons's response groups Verizon and Crown Castle together and does not clearly distinguish which allegations apply to which defendant, thereby confusing his claims. (*See* Def. Verizon Reply in Support of Mot. to Dismiss at 2, Dkt. No. 32.) In particular, while Gammons's complaint does not include a claim for construction negligence against Crown Castle, his response alleges that Crown Castle contracted with P & D for general construction, provided materials to the workers, and also maintained authority to suspend all or portions of P & D's work. (Pl. Resp. to Defs. Mots. to Dismiss at 2, Dkt. No. 27.)

## CONCLUSION

For the reasons stated above, the Defendants' motions to dismiss (Dkt. Nos. 15, 21) are GRANTED, and Gammons's complaint is dismissed without prejudice. Gammons shall have until April 21, 2016 to file an amended complaint that remedies the deficiencies discussed in this opinion.

ENTERED:

Dated: March 31, 2016

Andrea R. Wood
United States District Judge